FILED

2017 SEP 14 PM 4: 52

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:17cv1638-orl-31TBS

PEGGY NOFTZ,

    Plaintiff,

v.

HOLIDAY CVS, LLC, d/b/a
CVS/PHARMACY #476,
a Florida Corporation,

    Defendants.

_____/

## DEFENDANT HOLIDAY CVS, LLC'S NOTICE OF REMOVAL

Defendant, HOLIDAY CVS, LLC ("CVS"), hereby files this, its Notice of Removal for the above styled cause pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County Florida, Case No.: 2017-CA-2076 ON, in which this action is pending, to the United States District Court, Middle District of Florida, Orlando Division, and in support thereof states the following:

    1.    This cause is an action for negligence filed by Plaintiff, Peggy Noftz ("Plaintiff"), in the Circuit Court of the Ninth Judicial District in and for Osceola County Florida, Case No: 2017-CA-2076 ON. Specifically, Plaintiff alleges that Defendant caused her personal injury and is responsible for damages. A copy of the state court Complaint is attached this this Notice of Removal. *See Exhibit A.*

    2.    Written notice of the filing of this Notice of Removal has been given to Plaintiff, this day, through her attorney of record, Darren J. Rousso, Esq. at The Rousso Law Firm, 9350

South Dixie Highway, Suite 1520, Miami, FL 33156.

3. A copy of this Notice of Removal is being filed simultaneously with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida.

4. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the aforementioned state court action are attached hereto. *See* ***Exhibit B.***

5. The Complaint was filed by Plaintiff in state court on August 14, 2017. Pursuant to 28 U.S.C. §1446, this Notice of Removal is timely, as it is being filed within thirty (30) days after the undersigned counsel's receipt of the Complaint setting forth the claim for relief on which this action is based.

6. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. §1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§1441 and 1446. Pursuant to 28 U.S.C. 1441(b), suits that do not arise under federal law are removable "if none of the parties in interest properly-joined and served as Defendant is a citizen of the State in which such action is brought." The only further requirement for diversity jurisdiction is that the amount in controversy exceed $75,000.00.

7. There is complete diversity of citizenship between Plaintiff and Defendant. 28 U.S.C. §1332(a)(3).

8. Plaintiff alleges at all times material hereto, Plaintiff was a resident of the State of Florida. Complaint ¶2.

9. Plaintiff alleges that at all times material hereto, Defendant is a foreign corporation with place of business at 2105 13th Street, St. Cloud, FL 34769. Complaint ¶3 & 4.

10. Defendant, Holiday CVS, LLC is not a citizen of Florida, although it is a Florida Limited Liability Company, because its sole member being CVS Pharmacy, Inc. maintains as its

2

principal place of business at One CVS Drive, Woonsocket, Rhode Island.

11. In addition, Plaintiff maintains that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. While the Complaint simply alleges damages in excess of the minimal jurisdictional limits of the state court ($15,000.00), Plaintiff's pre-suit demands and Plaintiff's counsel have indicated that the amount in controversy exceeds the sum of $75,000.00.

12. Plaintiff alleges that as a result of the subject incident, she "suffered severe and permanent bodily injury and resulting pain and suffering, disability, disfigurement, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." Complaint ¶15.

13. Where damages are unspecified, the removal scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires the court to apply the preponderance burden by reviewing the propriety of removal on the basis of the removing documents. *Weisler v. Safeco Insurance Company of Illinois*, 2014 WL 12452096, *1 (S.D. Fla. Nov. 14, 2014). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Id.*, citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

14. Here, per Plaintiff's Complaint, it is clear that the amount in controversy exceeds the sum of $75,000.00. *See Wilssens v. Medtronic, Inc.*, 2009 WL 9151079 (S.D. Fla. July 23, 2009) (district court concluded that it was facially apparent that plaintiff's claimed damages exceeded $75,000 where plaintiff, based on a theory of tort recovery, claimed electrical shocks from an allegedly defective defibrillator, bodily injury, pain and suffering, disability, mental anguish, the expense of hospitalization, and loss of the ability to earn money, and alleged the

damages were permanent and continuing); *citing See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) (affirming district court's conclusion that it was facially apparent that plaintiff's claimed damages exceeded $75,000 where, based on slip and fall, complaint alleged injuries to her right wrist, left knee and patella, and upper and lower back, and sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement) and *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999) (affirming district court's conclusion that it was facially apparent that claims exceeded $75,000; "In the complaint, based on a tort theory of recovery, appellant alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization. Therefore, the district court had jurisdiction to decide the merits of the case.").

15. Pursuant to 28 U.S.C. § 1446(d), promptly following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be provided to Plaintiff.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Filing Notice of Removal is attached hereto and will be promptly filed with the Clerk of the Ninth Judicial Circuit in and for Osceola County, Florida, along with a duplicate copy of this Notice of Removal, pursuant to 28 U.S.C. §1146(d). *See **Exhibit C**.*

17. Pursuant to 28 U.S.C. § 1446(b), defendant has been properly joined and served join in and consent to the removal of this action.

18. No previous application has been made for the relief requested herein.

19. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

20. The allegations of this notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Florida.

21. If any question arises as to the propriety of the removal of this action, HOLIDAY CVS, LLC requests the opportunity to present a written brief and oral argument in support of its position that this case is removable.

22. As such, HOLIDAY CVS, LLC seeks to remove this action pursuant to 28 U.S.C. §§ 1441, and 1446.

**WHEREFORE**, Defendant, HOLIDAY CVS, LLC prays that the civil action filed by Plaintiff in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida be removed to this Court as provided by 28 U.S.C. § 1441, et. seq., and that this Court accepts jurisdiction of this action.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing has been hand delivered to the Clerk of the Court and mailed via US Mail to: **Darren Rousso, Esquire, The Rousso Law Firm** (Counsel for Plaintiff)(roussolaw@yahoo.com), on this 14th day of September, 2017.

/s/ R. Gavin Mackinnon
R. Gavin Mackinnon, Esquire
Florida Bar No. 0227810
Andrew A. Carlson, Esquire
Florida Bar No. 0103513
KELLEY KRONENBERG, P.A.
Attorneys for Defendants
20 North Orange Avenue, Suite 1207
Orlando, FL 32801
Phone: (407) 648-9450
Fax: (407) 648-4167
Primary Email: gmackinnon@kelleykronenberg.com
Secondary Email: gcocchiarella@kelleykronenberg.com

## Service List

Darren J. Rousso, Esq.
The Rousso Law Firm
9350 South Dixie Highway
Suite 1520
Miami, FL 33156
305-670-6669