UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PEGGY NOFTZ,

    Plaintiff,

v.                                                  Case No: 6:17-cv-1638-Orl-31TBS

HOLIDAY CVS LLC,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Emergency Motion to Compel Deposition Prior to July 2, 2018 Discovery Cut-Off (Doc. 28), and Plaintiff's Motion for Extension of July 2, 2018 Discovery Cut-Off Deadline (Doc. 36). Defendant has filed a response to the motions and this controversy is due to be decided (Doc. 37).

Plaintiff slipped and fell while shopping in Defendant's store (Doc. 2, ¶¶ 8-11). Plaintiff alleges that she fell because the floor was wet and slippery due to Defendant's negligence (Id., ¶¶ 11-14). The accident occurred on October 30, 2016 (Id., ¶ 8). On November 16, 2016, Plaintiff's lawyer sent a preservation letter to Defendant, demanding that it preserve all video recordings made by all in-store cameras between 9:00 a.m. and 5:00 p.m. on the date of the accident (Doc. 28-1 at 2). The letter explained that Plaintiff sought this video to preserve evidence of the accident, evidence of how the floor got wet, and the cleanup of the floor following the accident (Doc. 28-1 at 2). Plaintiff alleges, and Defendant does not deny, that despite this preservation letter, the only video Defendant preserved is from a single camera angle, beginning only a few minutes before her fall

(Doc. 28 ¶ 3).

Today, July 2, 2018 is the deadline for the completion of all discovery in this case (Doc. 12 at 1). On June 13, 2018, Plaintiff deposed Defendant's former store manager Ron Bennett (Doc. 28, ¶ 5; Doc. 37 at 5). Mr. Bennett testified that he had nothing to do with the preservation of the video, and that the preservation would have been done by regional manager Tim Crane or someone in the corporate office (Doc. 28, ¶ 5).

After deposing Mr. Bennett, Plaintiff's lawyer sent an email to defense counsel stating that he wanted to depose Defendant prior to the discovery cut-off concerning Defendant's receipt of the preservation letter, the retrieval and preservation of the video, and the capabilities of Defendant's store video on the date and at the time Plaintiff fell (Doc. 28-2 at 2). On June 15, 2018, defense counsel responded that he was working on the request (Doc. 37-2 at 2). Later that day, Plaintiff unilaterally noticed a FED. R. CIV. P. 30(b)(6) deposition of Plaintiff and the deposition of Mr. Crane to occur on June 29, 2018 (Doc. 28-3 at 2-4). Defendant objected to the deposition notices (Doc. 36 at 19).

Plaintiff filed the pending emergency motion to compel the depositions prior to the close of discovery, and the motion to extend the discovery deadline to allow time to depose Defendant and Mr. Crane (Docs. 28, 36). The Court found no emergency and informed the parties that it would deal with these matters in the ordinary course of business (Doc. 30).

Plaintiff has not complied with Local Rule 3.01(a) which requires all motions to include a memorandum of law in support of the relief the movant is seeking. Had Plaintiff researched these issues she would have realized that extending the discovery deadline would require modification of the Case Management and Scheduling Order. The Scheduling Order "may be modified only for good cause and with the judge's consent."

FED. R. CIV. P. 16(b)(4). The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee's note). "The burden of establishing good cause / diligence rests squarely on the party seeking relief from the scheduling order." Northstar Marine, Inc. v. Huffman, Case No. 13-0037-WS-C, 2014 U.S. Dist. LEXIS 102419, *8 (S.D. Ala. July 28, 2014).

Plaintiff has not demonstrated good cause. For example, she has failed to inform the Court of the date she received the video or what she did after discovering that Defendant had not preserved all of the video she had requested. Plaintiff never filed a motion to compel or for sanctions for failure to preserve all of the video, and she has not explained why she waited until nineteen days before the close of discovery to take the then store manager's deposition.

Now, Plaintiff having failed to comply with Local Rule 3.01(a), and having failed to satisfy the requirements of FED. R. CIV. P. 16(b)(4), both of her motions are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record