UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PEGGY NOFTZ,

    Plaintiff,

v.                                                Case No: 6:17-cv-1638-Orl-31TBS

HOLIDAY CVS LLC,

    Defendant.

## ORDER

Pending before the Court is Plaintiff's Renewed Motion for Extension of July 2, 2018 Discovery Cut-Off Deadline (Doc. 39). Defendant has filed a response in opposition to the motion (Doc. 40).

As recounted in the Court's last Order, Plaintiff slipped and fell while shopping in Defendant's store (Doc. 2, ¶¶ 8-11). Plaintiff alleges that she fell because the floor was wet and slippery due to Defendant's negligence (Id., ¶¶ 11-14). The accident occurred on October 30, 2016 (Id., ¶ 8). On November 16, 2016, Plaintiff's lawyer sent a preservation letter to Defendant, demanding that it preserve all video recordings made by all in-store cameras between 9:00 a.m. and 5:00 p.m. on the date of the accident (Doc. 28-1 at 2). The letter explained that Plaintiff sought this video to preserve evidence of the accident, evidence of how the floor got wet, and the cleanup of the floor following the accident (Doc. 28-1 at 2). Plaintiff alleges, and Defendant does not deny, that despite this preservation letter, the only video Defendant preserved is from a single camera angle, beginning only a few minutes before her fall (Doc. 28 ¶ 3).

On June 13, 2018, Plaintiff deposed Defendant's former store manager Ron

Bennett (Doc. 28, ¶ 5; Doc. 37 at 5). Mr. Bennett testified that he had nothing to do with the preservation of the video, and that the preservation would have been done by regional manager Tim Crane or someone in the corporate office (Doc. 28, ¶ 5). After deposing Mr. Bennett, Plaintiff's lawyer sent an email to defense counsel stating that he wanted to depose Defendant prior to the discovery cut-off concerning Defendant's receipt of the preservation letter, the retrieval and preservation of the video, and the capabilities of Defendant's store video on the date and at the time Plaintiff fell (Doc. 28-2 at 2). On June 15, 2018, defense counsel responded that he was working on the request (Doc. 37-2 at 2). Later that day, Plaintiff unilaterally noticed a FED. R. CIV. P. 30(b)(6) deposition of Plaintiff and the deposition of Mr. Crane to occur on June 29, 2018 (Doc. 28-3 at 2-4). Defendant objected to the deposition notices (Doc. 36 at 19).

Plaintiff filed an emergency motion to compel the depositions prior to the July 2, 2018 close of discovery, and a motion to extend the discovery deadline to allow time to depose Defendant and Mr. Crane (Docs. 28, 36). The Court found no emergency and informed the parties that it would deal with these matters in the ordinary course of business (Doc. 30). The Court subsequently denied both motions because Plaintiff had failed to comply with Local Rule 3.01(a), and failed to satisfy the requirements of FED. R. CIV. P. 16(b)(4) (Doc. 38).

The pending motion once again seeks leave of Court to take the depositions after the close of discovery. In addition to her prior arguments, Plaintiff now says she "previously requested the Corporate Representative deposition by email of May 11, 2018." (Doc. 39, ¶ 5) (Emphasis in original). Whether purposeful or not, the context in which this statement is made conveys the false impression that on May 11, 2018 Plaintiff requested a FED. R. CIV. P. 30(b)(6) deposition concerning Defendant's failure

- 2 -

to preserve video evidence (Doc. 40-1). In truth, the topics upon which Plaintiff wanted to depose Defendant in May 2018 did not include the video evidence (Id.). Once this is understood, Plaintiff's motion is correctly viewed as a rehash of her last attempt to obtain an extension. And, like her previous effort, she has failed to satisfy the good cause standard in FED. R. CIV. P. 16(b)(4).

The Court construes Plaintiff's motion as a request for reconsideration of its last Order on this subject. Although the rules do not specifically provide for the filing of a motion for reconsideration, it is generally understood that FED. R. CIV. P. 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (3d ed. 2017); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." McGuire, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." Id. (internal quotations omitted). "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." Id. (internal quotations omitted). "To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied." Capitol Body Shop, Case No. 6:14-cv-6000-Orl-31TBS, Doc. 129 at 3 (citing St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 976 F. Supp. 198, 201-02 (S.D.N.Y. 1996)).

Reconsideration of a court's order is an extraordinary remedy and a power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp.

2d 1336, 1348 (M.D. Fla. 2012). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination." U.S. v. Halifax Hosp. Medical Center, No. 6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at *1 (M.D. Fla. Dec. 4, 2013). Reconsideration is also warranted based upon: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Florida College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Parties cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). Plaintiff's motion provides no basis for reconsideration of the Court's last Order denying her request to take depositions after the discovery deadline.

For all of the foregoing reasons, Plaintiff's motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record