UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PEGGY NOFTZ,

    Plaintiff,

v.                                    Case No:   6:17-cv-1638-Orl-31TBS

HOLIDAY CVS LLC,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Plaintiff's Motion for Sanctions Due to Defendant's Spoliation of Critical CCTV Footage (Doc. 47). Defendant opposes the motion (Doc. 48).

Plaintiff slipped, fell, and broke her leg while shopping in Defendant's store (Doc. 47, ¶¶ 1-2). After Plaintiff fell, Defendant's store manager Ron Bennett and another employee came to her aid. Plaintiff told them she thought the floor was wet (Doc. 49 at 8). Both gentlemen looked and according to Mr. Bennett, the floor was not wet (Id.). This incident occurred in front of the door to the walk-in cooler where milk and other refrigerated merchandise is displayed for sale (Doc. 47 at 3-4, ¶ 11). Plaintiff believes that in the hours preceding her fall, Defendant's employees, vendors, and customers walked in and out of the cooler, and possibly pulled a rolling milk rack out of the cooler (Id. at 4, ¶ 12). Plaintiff theorizes that this activity resulted in moisture being tracked out of the cooler, onto the store floor where it caused her to slip and fall (Id.). Sixteen days after Plaintiff fell, her lawyer sent a preservation letter to the store where the incident occurred (Id., at 11). The letter demanded that Defendant preserve:

> ANY VIDEO TAPE OF THE DATE IN QUESTION FOR <u>ALL</u>
> SECURITY CAMERAS <u>INSIDE THE STORE</u> FROM THE

> HOURS OF 9:00 A.M. TO 5:00 P.M. IT IS OUR INTENT TO
> NOT ONLY PRESERVE EVIDENCE OF THE INCIDENT
> ITSELF, BUT ALSO OF THE AREA OF THE INCIDENT TO
> DETERMINE HOW WATER NEAR THE MILK SHELVING
> AREA CAME UPON THE FLOOR AS WELL AS VIDEO
> SUBSEQUENT TO SHOW CLEANUP OF THE WATER.
> YOUR [sic] DISTRUCTION OF THIS CRUTIAL EVIDENCE
> WILL BE CONSIDERTED ACTIONABLE SPOLIATION.

(Id.) (Emphasis in original). The letter stated that it was being delivered by certified mail and facsimile (Id.). Mr. Bennett does not recall receiving the preservation letter (Doc. 48, ¶ 4), and the Court has not been provided with any evidence, such as an admission, a certified mail return receipt, or a fax confirmation page, showing that Defendant did receive the letter. Although Defendant does not admit getting the preservation letter, it did preserve a video recording made by one security camera (Doc. 47 at 2, ¶ 8). The recording begins 5 minutes before Plaintiff fell and ends 28 minutes later (Id.). When he was asked how many security cameras face the area where Plaintiff fell, Mr. Bennett said:

> A. Depending on the angle, I want to say one or maybe two. I mean, obviously I know there was one camera that faced that area.
>
> Q. Okay
>
> A. And I think there might have been a glimpse from this - - the photo camera. The photo area camera might have got a glimpse too. I don't remember to - -

(Doc. 46, at 11). Plaintiff contends that Defendant's failure to preserve the video recording made by the photo area camera and the footage starting three hours before the incident has resulted in the loss of what "would have been strong and persuasive evidence for the jury to consider regarding the nature of the condition which Plaintiff slipped in, along with the cause of, and Defendant's notice of, the same." (Doc. 47 at 5, ¶ 13). To remedy this alleged spoliation of evidence, Plaintiff is asking the Court to give the jury a rebuttable

presumption or adverse inference instruction and impose any other sanctions the Court finds appropriate (Id., at 8).

Spoliation is the intentional concealment, destruction, mutilation, or material alteration of evidence. Southeastern Mechanical Services, Inc. v. Brody, 657 F.Supp.2d 1293, 1299 (M.D.Fla. 2009); Optowave Co. v. Nikitin, Case No. 6:05-cv-1083-Orl-22DAB, 2006 WL 3231422, at *7 (M.D.Fla. Nov. 7, 2006). "Federal law, not state law, controls the imposition of sanctions for failure to preserve evidence in a diversity case." Id. (citing Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005), cert. denied, 126 S.Ct. 2967 (2006).

The inherent power of federal courts to manage their own affairs and FED. R. CIV. P. 37 give courts the authority to impose sanctions for the spoliation of evidence. In re NTL, Inc. Securities Litigation, 244 F.R.D. 179, 191 (S.D.N.Y. 2007). However, before the Court will impose sanctions for spoliation the moving party must establish that: (1) the party in control of the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a "culpable state of mind" and (3) a reasonable trier of fact could find that the evidence that was destroyed would support a claim or defense in the case. Posely v. Eckerd Corp., 433 F.Supp.2d 1287, 1315 (S.D.Fla. 2006). Sanctions for the spoliation of evidence are only appropriate "when the absence of that evidence is predicated on bad faith … 'Mere negligence' in losing or destroying the records is not enough for an adverse inference, as 'it does not sustain an inference of consciousness of a weak case.'" Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997) (quoting Vick v. Tex. Emp. Comm'n, 514 F.2d 734, 737 (5th Cir. 1975)).

While federal law controls, the Court's decision may be "informed" by state law, so long as it is consistent with federal law. Flury, 427 F.3d at 944; Southeastern, 657 F.Supp.2d at 1299 (Courts in this circuit "may look to state law principles for guidance so

long as the principles are consistent with federal spoliation principles."). Under Florida law, "spoliation is established when the party seeking sanctions proves (1) that the missing evidence existed at one time; (2) that the alleged spoliator had a duty to preserve the evidence; and (3) that the evidence was crucial to the movant being able to prove its prima facie case or defense." Floeter v. City of Orlando, Case No. 6:05-cv-400-Orl-22KRS, 2007 WL 486633, at *5 (M.D.Fla. 2007).

"Once a party reasonably anticipates litigation, it is obligated to suspend its routine document retention/destruction policy and implement a 'litigation hold' to ensure the preservation of relevant documents." Goodman v. Praxair Serv., Inc., 632 F. Supp. 2d 494, 511 (D. Md. 2009) (quoting Thompson v. U.S. Dept. of Hous. & Urban Dev., 219 F.R.D. 93, 100 (D. Md. 2003)); U.S. ex rel. King v. DSE, Inc., No. 8:08-cv-2416-T-23EAJ, 2013 WL 610531, at * 7 (M.D. Fla. Jan.17, 2013) report and recommendation adopted, 8:08-cv-2416-T-23EAJ, 2013 WL 608541 (M.D. Fla. Jan. 15, 2014) (When party becomes aware of claims or defenses it has an obligation to conscientiously preserve all evidence that is relevant to those claims and defenses that is in existence when the duty to preserve attaches.). Parties must "act reasonably by taking 'positive action to preserve material evidence.'" Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 525 (D. Md. 2010) (quoting Jones v. Bremen High School Dist. 228, Case No. 08 C 3548, 2010 WL 2106640 at *6 (N.D. Ill. 2010)). Here, Defendant had control of the video cameras inside its store and once it knew Plaintiff had fallen and been injured, it should reasonably have anticipated litigation. Defendant's decision to preserve 28 minutes of video confirms these findings.

Next, is Defendant's state of mind when it decided to only preserve 28 minutes of video from one camera. Plaintiff has not produced any evidence that Defendant decided not to keep the other video because it believed those recordings would prove that it was

responsible in any way for Plaintiff's injury. In addition to not knowing whether Defendant received Plaintiff's preservation letter, the Court has not been furnished with any evidence, such as deposition testimony or interrogatory answers, where Defendant was asked why it did not save all available video. In the absence of any evidence to show bad faith, Plaintiff has failed to demonstrate that Defendant acted "with a culpable state of mind." Posely, 433 F.Supp.2d at 1315.

The last issue is whether a reasonable jury, sitting as the trier of fact, could find that the missing video would support Plaintiff's claim against Defendant. This is a difficult determination to make because it concerns information that no longer exists. This is why "courts must not hold the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed evidence because doing so allows the spoliators to profit from the destruction of the evidence." Southeastern, 657 F. Supp. 2d at 1300 (citing Kronisch v. U.S., 150 F.3d 112, 128 (2d Cir. 1998)); see also Pacific Coast Marine Windshields Ltd. v. Malibu Boats, LLC, Case No. 6:12-cv-22-Orl-28DAB, 2012 WL 10817204, at *3 (M.D. Fla. Nov. 30, 2012).

The available video shows Plaintiff falling but, it does not show the precise spot on the floor where she put her right foot immediately before she fell (Doc. 47 at 2-3, ¶ 10). It is this unseen area of the floor which Plaintiff claims was wet (Id.). She argues that Defendant should have preserved the recording made by the photo area camera because it may have captured this part of the floor (Id.). No evidence has been presented to show where in relation to Plaintiff's fall the photo area camera was located or where it was pointed on the day of the incident. There is also no evidence showing what the photo area camera was focused on, or what was in its field of view. Plaintiff could have, but apparently did not undertake to discover any of the particulars about the photo area camera. While the Court does not hold Plaintiff to a high standard of proof, more is

required than her speculation, based on Mr. Bennett's speculation about what the photo area camera may have glimpsed.

Now, Plaintiff's motion for sanctions due to Defendant's alleged spoliation (Doc. 47) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 21, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record