[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15538
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00476-CG

DUANE ALSIP,
as Administrator and Personal Representative
of the Estate of Emma Alsip,

                                                    Plaintiff - Appellant,

versus

WAL-MART STORES EAST, LP,

                                                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 19, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Exhibit "D"

Plaintiff Duane Alsip, proceeding as administrator and personal representative of the estate of Emma Alsip, appeals the district court's orders excluding Plaintiff's proffered expert testimony and granting summary judgment in favor of Defendant Wal-Mart Stores East, LP (Wal-Mart) on Plaintiff's claims for personal injury arising from an accident in which Ms. Alsip slipped on a crosswalk in the Wal-Mart parking lot during a rain shower. Plaintiff contends the district court erred in finding the proffered expert's testimony to be unreliable and in granting summary judgment when genuine issues of material fact existed regarding whether Wal-Mart met the applicable standard of care. After review, we affirm.

## I.  BACKGROUND

On April 24, 2013, on a rainy day in Foley, Alabama, then-83-year-old Emma Alsip, her daughter, and a friend drove to a Wal-Mart store. Ms. Alsip's daughter pulled the vehicle up near the front entrance to the Wal-Mart, and Ms. Alsip and her friend exited the vehicle onto the crosswalk. While on the painted yellow crosswalk stripe, Ms. Alsip slipped and fractured her hip. Ms. Alsip's daughter, Ms. Alsip's friend, and an unknown Wal-Mart customer helped Ms. Alsip back into the vehicle.

On August 26, 2014, Ms. Alsip sued Wal-Mart and alleged that Wal-Mart either negligently or wantonly maintained the crosswalk such that it was not slip resistant in accordance with industry standards. At the core of Ms. Alsip's case is

the allegation that Wal-Mart did not include aggregate in the paint mixture to ensure a high-traction walking surface.  In support of this allegation, Ms. Alsip proffered among other things the testimony of Russell Kendzior, a 25-year veteran of the slip-and-fall prevention industry.  After reviewing deposition testimony in this case, the Wal-Mart surveillance video of the accident, photographs of the Wal-Mart parking lot and crosswalk, and pertinent industry standards and guidelines, Kendzior concluded that the crosswalk stripes were improperly painted so as to create an unreasonably dangerous condition.  Kendzior identified three defects in support of his conclusion that the crosswalk stripes were not a slip-resistant surface:  (1) the top layer of paint did not contain an adequate amount of aggregate; (2) the paint was improperly applied so as not to adhere; and (3) the underlying layer of paint should have been removed by mechanical shot blasting.  Kendzior also opined that Wal-Mart's failure to provide a slip-resistant parking lot in accordance with industry standards proximately caused Ms. Alsip's injury.

    Wal-Mart moved to exclude Kendzior's testimony.  Wal-Mart cited portions of Kendzior's deposition testimony in which he states that the best way to determine whether an area is a high-traction area is to test the slip resistance of the surface.  Wal-Mart noted that Kendzior performed no tests of the crosswalk stripes and in fact never visited the site of Ms. Alsip's accident.  Wal-Mart identified multiple slip-resistance tests that it conducted in 2015 in accordance with

Kendzior's description of industry standards for slip-resistance testing.  Wal-Mart contended that its tests contradicted Kendzior's conclusion that the crosswalk stripes were not slip resistant.

Wal-Mart also argued that Kendzior's opinion regarding aggregate was unreliable and inconsequential.  According to Wal-Mart, Kendzior's opinion that aggregate was not present, which was based primarily upon Kendzior's visual inspection of photographs, was unreliable because Kendzior offered no scientific basis for visually determining whether aggregate is present.  In any event, Wal-Mart contended, Kendzior's opinion was contradicted by record evidence showing that aggregate was present in the paint mixture.  Finally, Wal-Mart stated that it could and did achieve a slip-resistant surface in accordance with industry standards without including aggregate in the paint.

In conjunction with its motion to exclude Kendzior's testimony, Wal-Mart moved for summary judgment.  Wal-Mart contended that it is not liable under Alabama law for slippery conditions caused by rainwater unless Plaintiff can prove that the conditions were unreasonably dangerous above and beyond the typical danger posed by slipperiness due to a naturally occurring event.  Wal-Mart noted that Ms. Alsip's witnesses testified only that the area was slippery, which is to be expected on an outdoor surface in the rain, and that Wal-Mart's three different tests of the crosswalk confirm that it met industry standards for a high-traction area.

4

During the pendency of this litigation, Ms. Alsip passed away, and Plaintiff Duane Alsip, the administrator and personal representative of Ms. Alsip's estate, substituted in this action.  Plaintiff responded in opposition to Wal-Mart's motion to exclude and argued that Kendzior's testimony was supported by years of experience, industry standards, and a comprehensive review of the photographic and video evidence.  According to Kendzior, the gloss of the paint would look different in the photographs if aggregate were present.  Plaintiff's response also included Kendzior's explanation as to why he did not test the slip resistance of the crosswalk stripes:  a belated slip-resistance test would not reflect the slip resistance of the surface at the time of the accident, which could have either increased or decreased over time depending upon the variables.  Finally, Plaintiff relied on an affidavit from Kendzior to explain the flaws in Wal-Mart's experts' tests.  In response to Wal-Mart's motion for summary judgment, Plaintiff contended this was a structural defect case and the structural defect was Wal-Mart's failure to make its painted surface slip resistant in accordance with industry standards.

The district court addressed Wal-Mart's motions in two separate orders. First, the district court considered Kendzior's testimony under Federal Rule of Evidence 702 and the *Daubert*[1] standard.  The district court reasoned that by Kendzior's own admission Kendzior could not determine whether the crosswalk

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993).

stripes were a high-traction area at the time of Ms. Alsip's accident. Kendzior admitted that aggregate is not the only means by which a surface can be made a high-traction area and that the only way to determine slip resistance is to test the surface. The district court deemed unreliable Kendzior's opinion that the crosswalk stripes were not slip resistant in accordance with industry norms because the opinion was supported only by Kendzior's observation as to the absence of just one of several possible means of improving slip resistance and by the fact that Ms. Alsip fell. Therefore, the district court excluded Kendzior's testimony as unreliable.

The district court next considered Wal-Mart's motion for summary judgment. The district court reasoned that it was Plaintiff's burden under Alabama law to prove that the crosswalk was unreasonably dangerous. After considering the undisputed facts and Plaintiff's argument regarding disputed facts, the district court determined that "[t]here is simply no evidence, other than the fact that Ms. Alsip fell, that the area was unreasonably [un]safe." Therefore, the district court granted summary judgment in favor of Wal-Mart.

## II. STANDARD OF REVIEW

We review for abuse of discretion a district court's decision to exclude expert testimony. *Seamon v. Remington Arms Co., LLC*, 813 F.3d 983, 987 (11th Cir. 2016). A district court abuses its discretion if it applies an incorrect legal

6

standard, follows improper procedures, or makes a clearly erroneous finding of fact. *Original Brooklyn Water Bagel Co. v. Bersin Bagel Grp., LLC*, 817 F.3d 719, 724 (11th Cir. 2016). "Because the task of evaluating the reliability of expert testimony is uniquely entrusted to the district court, we give the district court considerable leeway in the execution of its duty." *Seamon*, 813 F.3d at 987 (quotation marks and alteration omitted). Thus, when a district court excludes unreliable expert testimony under *Daubert*, we defer to the district court unless its decision is manifestly erroneous. *Id*.

We review *de novo* a district court's order granting summary judgment and, drawing all reasonable inferences in favor of the non-movant, consider whether the movant met its burden of showing that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 951 (11th Cir. 2007).

III.  DISCUSSION

We discuss in turn whether the district court abused its discretion in excluding Kendzior's testimony and whether the district court erred in granting summary judgment in favor of Wal-Mart.

A.  *Exclusion of Expert Testimony*

When determining admissibility of expert opinion testimony, a district court must consider whether (1) the expert is qualified to testify as to the subject matter,

7

(2) the expert's methodology is sufficiently reliable, and (3) the expert's testimony will assist the trier of fact. *See Seamon*, 813 F.3d at 988. We agree with the district court that there is no real argument regarding Kendzior's experience or knowledge in the field of slip resistance. We also believe that testimony regarding slip resistance would generally assist the trier of fact in this action. The more difficult issue is the reliability of Kendzior's testimony, more specifically the reliability of the methodology by which Kendzior opined that the Wal-Mart crosswalk stripes were not slip resistant in accordance with industry standards.

On this record, we take no issue with Kendzior's assertion that, after 25 years in the slip-and-fall prevention industry, he can determine the presence or absence of aggregate by examining a picture. Kendzior stated that aggregate has a distinct look that would be visible in a photograph, and Wal-Mart failed to rebut that point. The problem is Kendzior's follow-on opinion: because the painted yellow crosswalk lines did not contain aggregate, they were not slip resistant. It is this opinion that the district court found to be the product of an unreliable methodology, and we agree.

Both the documents to which Kendzior directs our attention and Kendzior himself identify four discrete methods of achieving a slip-resistant surface: (1) aggregate; (2) cross-cut grooving; (3) texturing; or (4) other appropriate means. The absence of aggregate does not render a surface non-conforming if the surface

contains cross-cut grooving, texturing, or another appropriate means of creating traction. Thus, Kendzior's determination upon inspection of photographs that there was no aggregate in the paint does not in and of itself support the conclusion that the crosswalk stripes were not slip resistant. *Cf. McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1243 (11th Cir. 2005) (discussing the effect of flawed logic on the reliability of expert testimony).

By Kendzior's own admission, he does not know the actual slip resistance of the crosswalk stripes at the time of Ms. Alsip's accident or whether the crosswalk stripes qualified as a high-traction area. According to Kendzior, the only way to determine slip resistance and thus whether an area is a high-traction area is to conduct a precise, contemporaneous test. Despite this testimony, Plaintiff attempted to introduce Kendzior's opinion that the crosswalk stripes were not slip resistant and were therefore unreasonably dangerous. *See Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1306 (11th Cir. 2014) ("Under *Daubert*, the district judge asked to admit scientific evidence must determine whether the evidence is genuinely scientific, as distinct from being unscientific speculation offered by a genuine scientist." (quotation marks omitted)). Because Kendzior's own testimony—as presented to the district court[2]—suggests that his opinion is

---

[2] Both in the district court and on appeal, Plaintiff contended that Wal-Mart's alleged failure to include aggregate in the paint is the reason the crosswalk stripes were not slip resistant in accordance with industry standards. In his reply brief, Plaintiff raises for the first time

9

based on flawed reasoning and speculation, the district court did not abuse its discretion when it excluded as unreliable the proffered expert testimony of Russell Kendzior.[3]

B. *Summary Judgment in Favor of Wal-Mart*

In the district court and on appeal, Plaintiff argues at length about the dispute of fact regarding the presence or absence of aggregate in the paint that Wal-Mart used for the crosswalk lines. In so doing, Plaintiff misapprehends both Wal-Mart's argument and the basis for the district court's summary judgment. Irrespective of whether there was aggregate in the paint, Plaintiff fails to offer evidence from which a jury could reasonably conclude that the crosswalk lines were not slip resistant.

---

portions of Kendzior's testimony in which Kendzior considers and dispels other means by which Wal-Mart might have made the crosswalk lines slip resistant. Specifically, Plaintiff argues at length that Kendzior considered whether the crosswalk lines might have benefitted from the traction of the underlying asphalt in the Wal-Mart parking lot. According to Kendzior, because Wal-Mart painted layer upon layer without removing the underlying layer, the asphalt would not have gone through to the top layer. Because Plaintiff failed to make this argument to the district court and in fact did not raise this argument on appeal until the reply brief, we decline to consider whether this aspect of Kendzior's testimony would cure the reliability issue argued by the parties and decided by the district court. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1283 (11th Cir. 2015) (declining to consider an argument to exclude expert testimony first raised on appeal during oral argument); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a . . . reply brief.").

[3] Plaintiff has not raised and we therefore do not consider whether the district court should have excluded only the portions of Kendzior's testimony that are based upon an unreliable methodology.

10

As we discuss above, aggregate is not an essential ingredient for a slip-resistant surface. In fact, Plaintiff's own expert concedes that he does not know whether the crosswalk lines met industry standards for slip resistance. Plaintiff identifies no lay testimony or circumstantial evidence from which a jury could reasonably infer that the crosswalk lines were any more dangerous than a typical paved outdoor surface on a rainy day. *See Terrell v. Warehouse Groceries*, 364 So. 2d 675, 677 (Ala. 1978) ("When it rains, surfaces naturally become more slippery than usual a fact with which a customer is sufficiently familiar."). Therefore, Plaintiff has failed to establish a genuine issue of material fact regarding whether the crosswalk lines suffered from a "design, construction, or condition abnormality" or otherwise constituted an unreasonably dangerous condition. *Wal-Mart Stores, Inc. v. White*, 476 So. 2d 614, 617 (Ala. 1985); *see also Terrell*, 364 So. 2d at 677. The district court correctly determined that Wal-Mart was entitled to judgment as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, the orders of the district court are **AFFIRMED.**