# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PEGGY NOFTZ,**

      **Plaintiff,**

**v.**                                                Case No: 6:17-cv-1638-Orl-31TBS

**HOLIDAY CVS LLC,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Reconsideration (Doc. 101) filed by the Plaintiff, Peggy Noftz (henceforth, "Noftz"), and the response in opposition (Doc. 102) filed by the Defendant, Holiday CVS, LLC ("Holiday CVS"). Noftz seeks reconsideration of this Court's order of June 5, 2019 (Doc. 100) (henceforth, the "Order"), which denied two motions by Noftz to strike Holiday CVS's expert witnesses (Doc. 88, 89), granted Holiday CVS's motion to strike CVS's expert (Doc. 90), and denied Noftz's motion in limine (Doc. 94).

### I. Legal Standard

While the federal rules do not specifically provide for the filing of a "motion for reconsideration," *Van Skiver v. United Sta*tes, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828, 113 S. Ct. 89, 121 L.Ed.2d 51 (1992), it is widely known that Rule 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* 2d § 2810.1 (2007). However, due to the need to conserve scarce judicial resources and in the interest of finality, reconsideration is an extraordinary remedy that is to be employed sparingly. *U.S. v. Bailey*, 288 F.Supp. 2d 1261, 1267 (M.D. Fla.

2003). The decision on whether to alter or amend a judgement is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

The authorities generally recognize four basic grounds upon which Rule 59(e) motion may be granted:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice & Procedure* 2d § 2810.1 (2007).

Importantly, parties may not use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001). To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp 198 (S.D.N.Y. 1996).

**II.    Analysis**

The instant motion consists almost entirely of arguments already considered and rejected in connection with the original motions. Noftz makes no effort to tie the arguments presented in her motion for reconsideration to any of the four basic grounds that can support a Rule 59(e) motion. Noftz does acknowledge that when she responded to the Defendant's motion to strike the testimony of her expert, Russell Kendzior, she attached his initial report (dated June 25, 2018)

rather than his supplemental report (dated June 29, 2018).  (Doc. 101 at 2).   However, she does not identify anything in the supplemental report that would change the result of the original motion, and she does not show that the supplemental report was, for example, newly discovered or previously unavailable so as to excuse the failure to include it previously.

Noftz does make one point that merits further inquiry.   In its motion, Holiday CVS identified three opinions from Kendzior's report that it (successfully) sought to have this Court strike.   (Doc. 90 at 2).   However, in the conclusion to its motion, Holiday CVS requested that the Court, *inter alia*, enter an order "excluding the testimony of Russell J. Kendzior" (Doc. 101 at 2), which the Court did.   Noftz now complains that Kendzior's report contains additional opinions that Holiday CVS did not challenge and which Kendzior should be permitted to present at trial. (Doc. 101 at 2).   The Court agrees that any opinions that were not the subject of Holiday CVS's motion should not have been stricken.   However, the Court cannot identify those opinions on this record.   Kendzior's report does not distinguish between his opinions and the facts underlying those opinions, Noftz did not list them in the motion for reconsideration, and Holiday CVS did not respond to this portion of Noftz's motion.   Accordingly, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 101) is **DENIED**, except insofar as there may be opinions in Kendzior's report that were not challenged by Holiday CVS.   And it is further

**ORDERED** that on or before July 12, 2019, Noftz shall file a brief of ten pages or fewer identifying those opinions expressed in Kendzior's report that were not challenged by Holiday CVS and which Kendzior should therefore be allowed to present at trial.   Each such opinion must be presented, at a minimum, in the form of a quotation from the report and must be accompanied by a pinpoint citation to the page of the report where it can be found.   Failure to include the

quotation or the citation will preclude consideration of any such opinion.  Holiday CVS may file a response to Noftz's brief not more than ten days after it is filed.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 3, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE